JOHN W. TOWE, Sr., ADMINISTRATOR, v. ATLANTIC COAST LINE RAILWAY COMPANY.

(Filed 18 February, 1914.)

1. **Railroads—Duty of Trespasser—Frightened Child—Contributory Negligence—Evidence.**

   The doctrine that an engineer of a moving train has the right to expect a trespasser on the track ahead to step from the track to a place of safety when he is apparently in possession of his faculties, and the conditions will allow, has no application to a child 10 years of age upon the track, apparently so ·frightened as to be incapable of exercising this degree of care for its own safety.

2. **Same—Negligence—Trials—Nonsuit—Instructions.**

   Where there is evidence tending to show that an engineer on a train consisting of an engine and two cars, running 7 or 8 miles an hour, has failed to keep a lookout ahead, and through this neglect he has failed to see a 10-year-old child on the track ahead, in time to have stopped the train to avoid killing it, the child apparently so frightened as to have lost the degree of care which should have caused him to leave the track; and also failed to see the signals for him to stop the train, given by another person ahead, near the track; the contributory negligence of the child will not bar the right of his intestate to recover for his negligent killing thus caused; and the question of defendant's negligence is one for the jury under proper instructions from the court. The charge in this case is approved.

APPEAL by defendant from *Connor, J.,* at October Term, 1913, of WASHINGTON.

Civil action, tried upon these issues:

1. Was the death of plaintiff's intestate caused by the negligence of defendant, as alleged? Answer: Yes.

2. Did plaintiff's intestate by his own negligence contribute to his death, as alleged? Answer: No.

3. What damages, if any, is the plaintiff entitled to recover? Answer: $1,000.

From the judgment rendered, defendant appealed.

*Ward & Grimes, P. H. Bell, for plaintiff.*
*Gaylord & Gaylord for defendant.*

BROWN, J. The intestate of the plaintiff, his son, about 10 years of age, was killed by defendant's engine while attempting to cross the railroad track.

The evidence tends to prove that the boy came down the defendant's switch track from a lumber mill onto the Y while the train composed of an engine and two flat cars was approaching, at the rate of 7 or 8 miles an hour.

There was a switchman just ahead or a little to his right, who saw him, and, facing the boy and the approaching engine, and appreciating his danger, threw up his hands to the engineer to stop, and hollered to the boy to go down the bank. The track where the boy stood was on an embankment, and the embankment was steep, with bushes and briers, and the boy was barefooted.

The boy saw his peril and began to run, evidently frightened. He started to go down the bank, and turned back and continued his running; all the time the engine gaining on him. As the engine approached, the boy in his alarm sprang up the track, and the engine ran on him and he was killed. The path he was running on is just at the edge of the ties, and the engine beam came out to the end of the ties. The boy was hit by the beam and killed.

The defendant contends that in any view of the evidence the boy was guilty of such contributory negligence as bars recovery, and that, therefore, the motion to nonsuit should have been granted.

Towe *v.* R. R.

This position is hardly tenable. Assuming that the boy was guilty of negligence, himself, there is abundant evidence that neither the engineer nor the fireman was keeping a lookout in the direction in which they were going.

If a proper lookout had been kept, the engineer could probably have seen the dangerous predicament of the boy in the time he had to have stopped the engine. There were only two cars attached to the engine, and it was running only 7 or 8 miles an hour, and could have been very readily stopped. We recognize the rule as laid down in *Beach's case,* 148 N. C., 153, and *Abernathy's case,* 164 N. C., 91, that an engineer on a moving train has the right to expect that a trespasser on the track will exercise due care, and will step off the track; but in this case it is a fair inference which the jury may well have drawn from the evidence, that if a proper lookout had been kept, the engineer would have discovered the dangerous situation of the boy in time to have stopped the train. He would have seen the frightened child running along the narrow path of the embankment, and would have seen the signals made to stop. Under such circumstances, it would have been his duty to resolve all doubts in favor of human life, and to at once apply his emergency brake and stop his train. His Honor presented this view of the case very clearly in these words:

"If the jury shall find from the evidence that plaintiff's intestate was a boy of 10 years of age, and on account of his tender years was of immature judgment and discretion, and not capable of exercising that degree of care for his safety which a grown person would have exercised under the same circumstances, and shall further find that from the time that he was seen, if he was seen by the engineer or other employees of defendant on the train, until he was killed, was in an unsafe and dangerous place, and shall further find that on account of his size, his manner, and such other circumstances as the jury shall find existed during the time, the engineer or other employees of defendant on the train could, or should by the exercise of reasonable care and caution, have discovered that he was a child of immature judgment, lacking in discretion, and that he was in an

. unsafe place, and was frightened or panic-stricken, then they owed intestate the duty to do all in their power, at all times after they discovered or should have discovered these facts, to avoid any injury to him, and, if necessary, should have given him warning of his danger, slackened the speed of the train, or stopped it if in their power to do so."

The assignments of error, except the motion to nonsuit, all relate to the charge, and we think they are without merit.

No error.