ELSIE MOORE, BY HER NEXT FRIEND, JOHN H. MOORE, v. E. R. POWELL.

(Filed 10 January, 1934.)

1. **Trial D a—On motion of nonsuit all the evidence is to be considered in the light most favorable to plaintiff.**

On a motion as of nonsuit all the evidence, whether offered by plaintiff or elicited from defendant's witnesses, is to be considered in the light most favorable to plaintiff, and he is entitled to every reasonable intendment thereon and every reasonable inference therefrom. C. S., 567.

2. **Appeal and Error E b—**

Where the charge of the court is not in the record it will be presumed on appeal to correctly charge the law applicable to the facts.

3. **Automobiles C f—Evidence of defendant's negligence in view of presence of small child on shoulders of highway held sufficient.**

The evidence in this case tended to show that plaintiff, a child of ten years, was walking with another child on the shoulders of a highway, that a short distance away several women and children were standing or walking on the shoulders of the highway, and that the road was straight and the view unobstructed, that near the place of the accident there were several houses and a filling station, and that defendant was driving his car at a rate of thirty-five or forty miles an hour and did not blow his horn or give any signal of his approach, and that plaintiff ran in front of his car and was struck and injured thereby. *Held*, a driver is required by statute to slow down and give a warning signal upon approaching pedestrians on the traveled part of a highway, C. S., 2616, and the law requires more than ordinary care in regard to children, and requires that a car shall not be driven at a speed which endangers the life or limb of any person, C. S., 2618, and the evidence of defendant's negligence was properly submitted to the jury.

4. **Automobiles C i—Contributory negligence of pedestrian will not excuse driver if driver should have been able to avoid accident.**

The contributory negligence of a child in running in front of an automobile will not excuse the driver of liability if, under all the circumstances, the driver should have had his car under such control and running at such speed as to have enabled him to have avoided the accident after seeing the child, or after he could have seen the child in the observance of a proper lookout.

MOORE *v.* POWELL.

APPEAL by defendant from *Sink, J.,* and a jury, at June Term, 1933, of ROCKINGHAM. No error.

This is an action for actionable negligence brought by plaintiff against defendant alleging damages. The evidence was to the effect that the plaintiff, Elsie Moore, is a small child who, on the date of her injury in April, 1932, was ten years of age. She lived in a rather thickly settled rural community about three miles west of Reidsville, North Carolina, on State Highway No. 48. This highway was hard-surfaced for a width of eighteen feet, with ordinary dirt shoulders. The plaintiff's home is forty-six steps from the hard surface. There are three other homes facing along this road in close proximity ranging from forty-six to fifty-three steps apart. These other homes are from twelve to fifteen steps back from the hard surface. A service station is located 76 steps from the last house. The highway at this point is straight. The shoulders were clear of trees, bushes or shrubbery. The view was unobstructed for two hundred yards or more in each direction from the place of the injury. The plaintiff, her mother, Mrs. John Moore, the plaintiff's three little sisters, aged three, five and nine, respectively, and Mrs. Malta Moore, were standing along the shoulder of the road. They had gone there to look for wild lettuce or wild salad which was growing there. Mrs. John Moore, Mrs. Roy (Malta) Moore and two of the little children were standing on the shoulder on the south side of the road (opposite plaintiff's home) about six or eight feet from the mail box. The plaintiff and her little sister Ruby were standing about the middle of the shoulder on the same side of the road but about fifty feet from them in the direction of Reidsville. The defendant was driving his automobile along Highway No. 48, en route from Wentworth to Reidsville. He was accompanied by another. He was driving from thirty-five to forty miles per hour. "They were in conversation with each other"—talking as though they were in close conversation. They saw the women and the children standing along beside the road. The defendant himself testified: "When I first saw these people, I was a good ways back up the road." Defendant did not blow his horn or give any signal—"Might have been straddling the center." The plaintiff did not hear the car as it approached. She started across the road—"She was going kinder angling, more in the direction of Reidsville." Mrs. John Moore testified: That was somewhat the same direction in which the defendant was traveling. Just before she was struck she was made aware of the approach of the automobile. She threw her hands up and screamed. The car hit her when she was "about half way between the middle of the hard surface and the shoulder on the left." She was thrown into the air, fell on the

right fender and later dropped to the concrete. She was severely and permanently injured.

The issues submitted to the jury and their answers thereto, were as follows:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged? Answer: Yes.

2. What damage, if any, is the plaintiff entitled to recover of the defendant? Answer: $1,500."

Judgment was rendered on the verdict by the court below, and defendant appealed to the Supreme Court.

*Harry L. Fagge and Glidewell & Gwyn for plaintiff.*
*Sharp & Sharp for defendant.*

CLARKSON, J. At the close of plaintiff's evidence, and at the close of all the evidence, the defendant made motions for judgment as in case of nonsuit. C. S., 567. The court below overruled these motions and in this we can see no error. We think there was sufficient competent evidence to be submitted to the jury.

Upon a motion as of nonsuit all the evidence, whether offered by the plaintiff or elicited from the defendant's witnesses, is to be considered in the light most favorable to the plaintiff and he is entitled to every reasonable intendment thereon and every reasonable inference therefrom.

The charge of the court below is not in the record, and the presumption of law is that the learned judge charged the jury correctly the law applicable to the facts.

The law of the road—C. S., 2616, is in part: "Upon approaching a pedestrian who is upon the traveled part of any highway, and not upon a sidewalk, and upon approaching an intersecting highway or a curve, or a corner in a highway where the operator's view is obstructed, every person operating a motor vehicle shall slow down and give a timely signal with his bell, horn, or other device for signaling."

C. S., 2618, provides: "No person shall operate a motor vehicle upon the public highways of this State recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highway, or so as to endanger the property or the life or limb of any person," etc.

In *S. v. Gray,* 180 N. C., 697 (701), speaking to the subject: "The vigilance and care required of the operator of an automobile vary in respect to persons of different ages and physical conditions. He must increase his exertions in order to avoid danger to children, whom he may see, or by the exercise of reasonable care should see, on or near

the highway. More than ordinary care is required in such cases. *Deputy v. Kimmell,* 80 S. E. (W. Va.), 919; 8 N. & C. Cases, 369. Moving quietly, as an automobile does, without the noise which accompanies the movement of a street car or other ordinary heavy vehicle, it is necessary that caution should be continuously exercised to avoid collision with pedestrians unaware of its approach. The speed should be limited, warnings of approach given, and skill and care in its management so exercised as to anticipate such collisions as the nature of the machine and the locality might suggest as liable to occur in the absence of such precautions. Berry on Automobiles, sec. 124; Huddy on Automobiles (4 ed.), sec. 214. In *S. v. Gash, supra* (177 N. C., 598), the court below charged the jury: 'If the defendant was operating the car lawfully and at the rate of speed permitted by law, yet if by reason of a failure to keep a proper lookout he failed to see the deceased in time to avoid injuring him, and "by reason of his carelessness and negligence in failing to keep this lookout" he caused the death of the child, he was guilty.' The Court held that in this charge there was no error."

In *Goss v. Williams,* 196 N. C., 213 (221-2), the following able charge of Judge Sinclair, in the court below was sustained: "You are instructed that even though the injured party through his own negligence placed himself in a position of peril he may recover if the one who injured him discovered, or by the exercise of ordinary care could have discovered him in time to have avoided the injury. The defendant would not be relieved of liability by reason of the fact that he did not see him, but the law holds him to the responsibility of seeing what he could have seen by keeping a reasonably vigilant and proper lookout. You are instructed that the mere fact that a child runs in front of a moving vehicle so suddenly that the driver had no notice of danger, does not necessarily relieve the defendant from liability. There still remains the question whether the negligent driving of the automobile made it impossible for the driver to avoid the accident after seeing the child, or when by the exercise of reasonable care, such driver could have seen the child in time to avoid the injury, there being a greater degree of watchfulness and care required of automobile drivers as to children than adults." This charge correctly states the humane doctrine.

In *Davies v. Mann,* 10 M. & W., 546, Shirley's Leading Cases in the Common Law (3d English Edition), p. 269, we find: "The owner of a donkey fettered its forefeet, and in that helpless condition turned it into a narrow lane. The animal had not disported itself there very long when a heavy wagon belonging to the defendant came rumbling along. It was going a great deal too fast, and was not being properly looked after by its driver; the consequence was that it caught the poor

beast, which could not get out of the way, and killed it. The owner of the donkey now brought an action against the owner of the wagon, and, in spite of his own stupidity, was allowed to recover, on the ground that if *the driver of the wagon had been decently careful the consequences of the plaintiff's negligence would have been averted.*" "How much then is a man better than a sheep." Matthew 12, part v. 12. Is a donkey better than a child? The question answers itself. In the judgment of the court below, we find
  No error.