THELMA SMITH, by Her Next Friend, W. A. SMITH, v. PAUL MILLER and JERRY SWAIM.

(Filed 22 January, 1936.)

1. **Automobiles C c—Evidence held for jury on issues of negligence and proximate cause in this action to recover for injuries to child struck by car as she crossed highway to enter school bus.**

    Evidence that the driver of a car going forty to forty-five miles an hour failed to slacken his speed or give any warning as he approached a group of children standing on the highway, some on one side and some on the other, waiting for a school bus driven in front of the car and going in the same direction, that the driver saw, or could have seen in the exercise of reasonable care, this situation, and that he struck and injured one of the children as she ran across the highway to enter the school bus as it stopped, *is held* sufficient to sustain the allegations of negligence and proximate cause as a matter of law, and defendants' motions for judgment as of nonsuit were properly denied. C. S., 2621 (45).

2. **Principal and Agent C a: Automobiles D b—Where agency is admitted, declarations of agent held competent to prove that at the time agent was acting within scope of employment.**

    Where, in an action against the driver of a car inflicting negligent injury and the owner of the car, the owner admits the fact of agency but denies that his agent at the time was acting within the scope of his employment and in furtherance of the principal's business, testimony of declarations of the agent immediately after the accident that at the time he was going after a newspaper for his employer is competent for the purpose of showing that at the time the agent was acting within the scope of his employment.

APPEAL by defendants from *Rousseau, J.,* at September Term, 1935, of FORSYTH. Affirmed.

This is an action to recover damages for personal injuries suffered by the plaintiff, a child six years of age, when she was struck and knocked

down by an automobile owned by the defendant Jerry Swaim, and driven on a State highway in Forsyth County, North Carolina, by the defendant Paul Miller.

It is alleged in the complaint that the plaintiff was injured by the negligence of the defendant Paul Miller while he was driving an automobile owned by the defendant Jerry Swaim; that at the time he struck and injured the plaintiff, the defendant Paul Miller was an employee of the defendant Jerry Swaim; and that the said Paul Miller was driving the automobile owned by the defendant Jerry Swaim when he struck and injured the plaintiff, in the performance of the duties of his employment.

In their answer the defendants deny that the plaintiff was injured by the negligence of the defendant Paul Miller, as alleged in the complaint; they admit that at the time the plaintiff was struck and injured by the automobile, the defendant Paul Miller was an employee of the defendant Jerry Swaim; they deny, however, that the defendant Paul Miller was engaged in the performance of any duty as an employee of the defendant Jerry Swaim when the automobile which he was driving struck and injured the plaintiff.

The action was begun and tried in the Forsyth County court. At the trial issues submitted to the jury were answered as follows:

"1. Was the defendant Paul Miller the agent of his codefendant Jerry Swaim and acting within the scope of and in the execution of his authority at the time of the injury to the plaintiff, as alleged in the complaint? Answer: 'Yes.'

"2. Was the plaintiff Thelma Smith injured by the negligence of the defendants, as alleged in the complaint? Answer: 'Yes.'

"3. What amount of damages, if any, is the plaintiff entitled to recover of the defendants? Answer: '$2,500.'"

From judgment that plaintiff recover of the defendants the sum of $2,500, and the costs of the action, the defendants appealed to the Superior Court of Forsyth County, assigning errors in the trial.

At the hearing of defendants' appeal to the Superior Court, each and all their assignments of error on said appeal were overruled, and the judgment was affirmed. The defendants appealed to the Supreme Court, assigning errors in the rulings of the judge of the Superior Court on their assignments of error in said court, as shown by the record.

*Elledge & Wells for plaintiff.*
*Slawter & Wall for defendants.*

CONNOR, J. Where, as in the instant case, there is evidence tending to show (1) that the defendant in an action to recover damages for

personal injuries suffered by the plaintiff was driving an automobile on a highway in this State at a speed of from forty to forty-five miles per hour; (2) that while thus driving the automobile, the defendant approached a group of children, standing near the highway, some on one side, and others on the other side of the highway, and thus awaiting the arrival of a school bus which was approaching the children from the direction in which the defendant was driving, for the purpose of transporting the children to a public school which they were attending as pupils; and (3) that the defendant saw, or in the exercise of reasonable care could have seen, the children in this situation, but did not slacken his speed and give warning of his approach by sounding his horn or otherwise, such evidence is sufficient as a matter of law to sustain the allegation in the complaint that the defendant was driving the automobile in violation of the provisions of C. S., 2621 (45), and was for that reason negligent. See *Towe v. R. R.,* 165 N. C., 1, 80 S. E., 889; *Moore v. Powell,* 205 N. C., 636, 172 S. E., 327; *Fox v. Barlow,* 206 N. C., 66, 173 S. E., 43. In the last cited case it is said by *Brogden, J.:* "Experience demonstrates that children of tender years in and about streets and highways are likely, in obedience to impulse, to run into and across such streets and highways suddenly and without warning. Motorists must know and recognize this fact and govern themselves accordingly, else the criminal and civil laws must be called upon to turn professor." The situation in the instant case was such that the driver must have known as he drove into the group of children that some of them would cross or attempt to cross the highway as soon as the approaching school bus stopped to take the children on as passengers. Every fact and circumstance in the situation that the driver of the automobile saw or should have seen indicated that it was the purpose of the children to enter the bus as soon as it stopped, and that the children on the east side of the highway must necessarily cross to the west side, where the bus would stop.

Where there is evidence, as there was in the instant case, tending to show further that the defendant, while thus driving the automobile recklessly and without due caution for the safety of the children who were standing near the highway, awaiting the arrival of the school bus, which could then be seen by the driver of the automobile approaching the children, struck and injured the plaintiff, a child six years of age, and one of the group of children standing near the highway, as she started to cross the highway from the east to the west side, to enter the bus as soon as it stopped, such evidence is sufficient as a matter of law to sustain the allegation in the complaint that the plaintiff was injured by the negligence of the defendant.

Whether or not, in the instant case, the negligence of the defendant Paul Miller was the proximate cause of the injuries suffered by the plaintiff was clearly a matter for the jury. The submission of the evidence to the jury as tending to establish the liability of the defendant Paul Miller in this case was not error, and the motion of the defendants for judgment as of nonsuit was properly denied by the trial court. There was no error in the ruling of the judge of the Superior Court to that effect.

The defendant Jerry Swaim admitted in his answer that he was the owner of the automobile which the defendant Paul Miller was driving when he struck and injured the plaintiff, and that at said time the said Paul Miller was his employee; he denied, however, that at said time the said Paul Miller was driving the automobile in the performance of any duty to him by reason of his employment. The defendant thus admitted the agency but denied that the act of his agent was within the scope of his authority, or in furtherance of the principal's business.

The defendant objected to testimony offered by the plaintiff tending to show that immediately after the plaintiff was injured, Paul Miller said that at the time he struck and injured the plaintiff with defendant's automobile, he was going after defendant's morning newspaper.

This objection was overruled, and properly so. The testimony was not offered as evidence tending to show that Paul Miller was an employee or agent of the defendant Jerry Swaim. The admission to that effect in the answer of the defendant had been offered in evidence by the plaintiff. There was ample evidence tending to show that Paul Miller habitually drove the automobile owned by the defendant Jerry Swaim as his employee. Therefore, *Brown v. Wood,* 201 N. C., 309, 160 S. E., 281, has no application to the instant case. The testimony was offered as evidence tending to show that at the time the plaintiff was injured by the negligence of Paul Miller, the said Paul Miller was acting within the scope of his employment by the defendant Jerry Swaim. It was competent and properly admitted for that purpose. There was no error in the ruling of the judge of the Superior Court to that effect. See *Brittain v. Westall,* 137 N. C., 30, 49 S. E., 54.

An examination of the charge of the trial judge to the jury discloses no error in the rulings of the judge of the Superior Court on defendant's assignments of error based upon exceptions to the charge.

The judgment affirming the judgment of the Forsyth County court is
Affirmed.