STEVE SPARKS, ADMINISTRATOR OF THE ESTATE OF JIMMIE RAY BUCHANAN, v. BROWN WILLIS.

(Filed 8 October, 1947.)

1. Trial § 22c—

When the entire evidence, giving plaintiff the benefit of every reasonable intendment and every reasonable inference therefrom, is sufficient to be submitted to the jury, the fact that the testimony of some of plaintiff's witnesses, standing alone, would seem to negate plaintiff's cause of action, does not justify nonsuit.

2. Automobiles § 18h (2)—Whether driver failed to keep proper lookout and control of car in vicinity of child held for jury.

The evidence tended to show that a child six years old ran into the street from defendant's right, that defendant applied the brakes of his truck 60 feet before the collision, turned his truck which had been traveling on its right side of the highway, to the left, and that the back wheels of the truck crushed the child some four or five feet from the driver's left of the highway. After the collision, the truck continued across the ditch on its left side of the highway and plowed through a hedge for a distance of 36 feet before coming to rest. There was evidence that the accident

occurred in a business or residential district, that the day was clear and that the driver did not sound his horn. G. S., 20-174 (e). Plaintiff's evidence did not show that the child ran into the street from concealment. *Held:* The granting of defendant's motion to nonsuit was error.

**3. Automobiles § 17—**

The driver of a motor vehicle who sees, or by the exercise of due care should see, a child on or near the traveled portion of a street, is under duty to use proper care in respect to the speed and control of his vehicle and maintain a vigilant lookout and give timely warning to avoid injury, recognizing the likelihood of the child's running into the street in obedience to childish impulse.

**4. Automobiles § 8j—**

The rule that a driver confronted with a sudden emergency is not held to the same degree of care as in ordinary circumstances but only to that degree of care which an ordinarily prudent person would use under similar circumstances, is not available to one who by his own negligence has brought about or contributed to the emergency.

APPEAL by plaintiff from *Clement, J.,* at July Term, 1947, of MITCHELL. Reversed.

This was an action to recover damages for the wrongful death of plaintiff's intestate, alleged to have been caused by the negligence of the defendant in the operation of a motor truck. At the close of plaintiff's evidence, the defendant's motion for judgment of nonsuit was allowed, and from judgment dismissing the action plaintiff appealed.

*Proctor & Dameron, W. C. Berry, and McBee & McBee for plaintiff, appellant.*
*Williams, Cocke & Williams for defendant, appellee.*

DEVIN, J. The only question presented by this appeal is whether the plaintiff has offered sufficient evidence of actionable negligence on the part of the defendant to carry the case to the jury.

The plaintiff's intestate, a child six years of age, was crushed to death under the rear wheels of a heavily loaded motor truck driven by the defendant. The fatal accident occurred on a street within the corporate limits of the Town of Spruce Pine. The street was paved, 18 feet wide, and extended in an east and west direction. The truck was proceeding east, and the child came from the south side of the street and was running diagonally north across the street when he came in contact with the truck. His body after he was run over lay four or five feet from the north side of the street. The tire marks on the pavement indicated the brakes on the truck were applied at a point 60 feet west of the place of collision; that the truck then ran sharply to its left, and after striking

the child, continued on across the ditch on the north side of the street, and plowed through a hedge for a distance of 36 feet before coming to rest. There was evidence that the truck before the accident was on its right side of the street, and traveling at a speed 25 to 30 miles per hour, upgrade, on a dry pavement, and that the day was clear. There was some evidence that the place where the accident occurred was within a business district, as defined by G. S., 20-38 (a), or at least within a residential district, G. S., 20-38 (w) 1. Under the statute then in force (1946) speed of a motor vehicle in excess of 20 miles per hour in a business district, or 25 miles per hour in a residential district would constitute *prima facie* evidence that the speed was unreasonable and unlawful. G. S., 20-141.

The evidence was that the child came from the south side of the street, probably from a garage, and was running across the street, apparently unconscious of the approach of the truck. One of the two witnesses who saw the child before he was killed observed him about the middle of the street, and the other saw him one-third of the way across, and both said that as the truck cut to its left the child ran into the truck and fell under the rear wheels. There was evidence that the horn was not sounded.

Though there were several automobiles parked on the south side of the street, they appear to have been parked off the street and west of the garage, nor did it appear from plaintiff's evidence that the child ran from behind either of these automobiles, or was concealed by them. Contributory negligence was not pleaded.

The plaintiff contends this testimony afforded some evidence of negligence on the part of the defendant in that he failed to keep proper lookout in traveling a public street, and drove his truck at an unreasonable speed, not only as shown by the testimony of the witnesses, but also as indicated by the momentum of the truck after the brakes were applied. He contends that the reasonable inference should be drawn from the testimony offered that the defendant saw the child on the street apparently oblivious of the approach of the truck, or in the exercise of due care should have seen him, in time to have taken measures to avoid the injury by slowing down and sounding his horn, as required by G. S., 20-174 (e), and that instead he turned his truck to the left across the street in the very direction in which the child was running.

While there was evidence from witnesses offered by plaintiff which, standing alone, would seem to exculpate the defendant from the imputation of negligence, and all the circumstances are not clear, yet considering the entire evidence under the rule that plaintiff is entitled on the motion to nonsuit "to every reasonable intendment and every reasonable inference therefrom" in his favor (*Moore v. Powell,* 205 N. C., 636, 172 S. E., 188), we reach the conclusion that there is here sufficient evidence to

withstand the defendant's motion and to entitle the plaintiff to have his case submitted to the jury.

It has been frequently declared by this Court to be the duty of one driving a motor vehicle on a public street who sees, or by the exercise of due care should see, a child on the traveled portion of the street or apparently intending to cross, to use proper care with respect to speed and control of his vehicle, the maintenance of vigilant lookout and the giving of timely warning, to avoid injury, recognizing the likelihood of the child's running across the street in obedience to childish impulses and without circumspection. *Yokeley v. Kearns*, 223 N. C., 196, 25 S. E. (2d), 602; *Smith v. Miller*, 209 N. C., 170, 86 S. E., 1036; *S. v. Gray*, 180 N. C., 697 (710), 104 S. E., 647.

True, the evidence would indicate that the defendant was confronted with a sudden emergency, and the general rule is that one confronted with a sudden emergency is not held by the law to the same degree of care as in ordinary circumstances, but only to that degree of care which an ordinarily prudent person would use under similar circumstances. *Hoke v. Greyhound Corp.*, 227 N. C., 412, 42 S. E. (2d), 593. "The standard of conduct required in an emergency as elsewhere is that of the prudent man." *Ingle v. Cassady*, 208 N. C., 497, 181 S. E., 562. "But," said *Justice Winborne* in *Hoke v. Greyhound Corp., supra*, "the principle is not available to one who by his own negligence has brought about or contributed to the emergency."

There was error in allowing defendant's motion for nonsuit, and the judgment dismissing the action is

Reversed.