ISHAM REGISTER, ADMINISTRATOR FOR THE ESTATE OF CHARLES EDWARD REGISTER, DECEASED, v. GUSTON MONROE GIBBS AND C. M. BLACKMON.

(Filed 11 April, 1951.)

**1. Trial § 22a—**

On motion to nonsuit, all the evidence, whether introduced by plaintiff or defendant, which tends to support plaintiff's claim will be taken as true and considered in the light most favorable to plaintiff, giving him the benefit of every reasonable inference that can legitimately be drawn therefrom and resolving any contradictions or discrepancies in his favor.

**2. Trial § 22b—**

On motion to nonsuit, defendant's evidence in conflict with that of plaintiff is to be ignored.

**3. Automobiles §§ 17, 18h (2)—"Sudden appearance doctrine" held not to warrant nonsuit in action for death of child struck on highway.**

Evidence tending to show that decedent, a six-year-old boy, was playing with companions in the yard of a house on the east side of a highway running north and south through a hamlet of some fifteen houses, that he suddenly left his companions and ran from behind a parked car into the highway some ten or fifteen yards ahead of defendant's approaching car, but that the driver's view of the yard and the children was unobstructed except for the parked car for a distance of some 900 feet and that the driver, traveling north, proceeded at an unabated speed of from forty-five to fifty miles per hour without giving any warning of his approach until he overtook and struck the child at a spot some two-thirds across the highway, and then traveled some 102 feet after the brakes were applied, *is held* sufficient to be submitted to the jury upon the issue of negligence of defendant in failing to keep a reasonably careful lookout, in failing to

keep the automobile under control, in driving at a speed that was not reasonable and prudent under the existing conditions, G.S. 20-141 (a), and in failing to give a reasonable and timely warning of his approach, G.S. 20-174 (e), and whether such negligence was a proximate cause of the injury.

APPEAL by defendants from *Carr, J.,* and a jury, at the September Term, 1950, of HARNETT.

Civil action by administrator to recover damages for death of six-year-old boy, who was struck and killed by an automobile while crossing the highway.

The tragedy occurred about four o'clock p.m. on 23 August, 1949, upon Highway 82 in front of premises occupied by Earl Coats near Tart's Mill in Harnett County. The automobile involved in the accident was operated by the defendant Guston Monroe Gibbs, who was carrying out a business mission for his employer, the defendant, C. M. Blackmon. Both sides offered evidence at the trial.

These issues arose on the pleadings, and were submitted to the jury:

1. Was the plaintiff's intestate killed by the negligence of the defendants, as alleged in the complaint?

2. If so, what damages is the plaintiff entitled to recover of the defendants?

The jury answered the first issue "Yes," and the second issue "$2,500.00." The trial judge entered judgment for plaintiff in accordance with the verdict, and the defendants excepted and appealed.

*J. R. Barefoot and Everette L. Doffermyre for plaintiff, appellee.*
*Neill McK. Salmon for defendants, appellants.*

ERVIN, J. The assignments of error raise this single issue: Did the trial court err in refusing to dismiss the action upon a compulsory nonsuit after all the evidence on both sides was in?

The plaintiff contends that this inquiry should be answered in the negative upon the authority of the decisions defining the duty of a motorist to exercise due care to avoid injuring children whom he sees, or by the exertion of reasonable care could see, on or near the highway. *Hughes v. Thayer,* 229 N.C. 773, 51 S.E. 2d 488; *Sparks v. Willis,* 228 N.C. 25, 44 S.E. 2d 343; *Yokeley v. Kearns,* 223 N.C. 196, 25 S.E. 2d 602; *Smith v. Miller,* 209 N.C. 170, 183 S.E. 370; *Moore v. Powell,* 205 N.C. 636, 172 S.E. 327; *Goss v. Williams,* 196 N.C. 213, 145 S.E. 169. The defendants insist, however, that the query should be answered in the affirmative because the evidence at the trial compels the conclusion that Gibbs was free from actionable negligence as a matter of law. *Fox v. Barlow,* 206 N.C. 66, 173 S.E. 43.

Undoubtedly the testimony offered by the defendants was sufficient to exonerate them from all legal liability for the death of the plaintiff's intestate under the "sudden appearance doctrine." Blashfield's Cyclopedia of Automobile Law and Practice (Perm. Ed.), section 1498. Moreover, much of the evidence presented by the plaintiff harmonized with that of the defendants. But these considerations, in and of themselves, did not entitle the defendants to an involuntary nonsuit in the court below.

In determining the legal sufficiency of testimony to withstand a motion for a compulsory nonsuit after all the evidence on both sides is in, the testimony is interpreted most favorably to plaintiff, and most strongly against defendant. Thus all facts in evidence, whether introduced by plaintiff or defendant, which make for the plaintiff's claim or tend to support his cause of action are assumed to be true. *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307. Furthermore, plaintiff is given the benefit of every inference favorable to him that can be legitimately drawn from such facts. *Graham v. Gas Co.,* 231 N.C. 680, 58 S.E. 2d 757. If there are contradictions or discrepancies in the testimony offered by plaintiff, they are resolved in his favor. *Bailey v. Michael,* 231 N.C. 404, 57 S.E. 2d 372; *Thomas v. Motor Lines,* 230 N.C. 122, 52 S.E. 2d 377. Any evidence presented by defendant which contradicts that of plaintiff, or tends to establish a different state of facts is ignored. *Bundy v. Powell, supra.*

When the testimony at the trial is subjected to these rules, it makes out this case for the plaintiff:

1. Route 82 is a paved highway, 20 feet in width, with earth shoulders 4 or 5 feet wide on each side, and without adjacent sidewalks. It courses northwardly and southwardly through a small hamlet near Tart's Mill in Harnett County, where the decedent's parents and their near neighbor, Earl Coats, reside. The hamlet consists of a cluster of about 15 dwellings fronting the roadway. The home of the decedent's parents and that of Coats are located on the east side of the highway. The front yard at the Coats residence has a depth of only 30 feet. At the time of the accident, a passenger carrying automobile, which belonged to Cecil Bagley and which was headed north, stood on the right side of the highway in front of the premises occupied by Coats, half on the pavement and half on the adjacent earth shoulder. Notwithstanding, a motorist traveling northward on Route 82 at that time had an unobstructed view of the entire front yard at the Coats residence, and of all the highway before him, except the narrow strip immediately in front of the Bagley car, for a distance of at least 900 feet.

2. On the afternoon of the accident, the decedent, a small boy aged six years, and three other little children were playing near the east edge of Route 82 in the front yard at the Coats residence. The decedent sud-

denly abandoned his companions, and undertook to run westwardly across the highway. In so doing, he ran from the Coats yard into the roadway just ahead of the Bagley car, passed in front of that vehicle until he emerged from its left front corner, and continued his westward journey until he reached a spot "two-thirds across the highway."

3. Meantime, Gibbs approached the decedent in Blackmon's automobile, which he was driving northward along Route 82 at a speed of "45 to 50 miles per hour." While so doing, Gibbs had an unobstructed view of the decedent as he played with his small companions in the Coats yard near the east side of the highway, as he ran from the Coats yard into the highway just ahead of the Bagley car, as he emerged from the left front corner of the Bagley car some "10 or 15 yards" ahead of the oncoming Blackmon automobile, and as he undertook to continue his travel northward across the highway. Though there was nothing to obstruct his view of these things, Gibbs persisted in driving the Blackmon automobile northward at an unabated speed of "45 to 50 miles per hour" without giving the decedent any warning of its approach until he overtook the decedent at a spot "two-thirds across the highway" and struck the decedent with the front end of the automobile, inflicting fatal injuries upon the decedent. Gibbs thereupon undertook to bring the Blackmon automobile to a stop, but that vehicle traveled 102 feet after the brakes were applied, carrying the decedent's body 87 feet of that distance.

This evidence suffices to show that the defendant Gibbs was negligent in the operation of his employer's automobile in these respects: (1) That he failed to keep a reasonably careful lookout, *Bobbitt v. Haynes,* 231 N.C. 373, 57 S.E. 2d 361; *Henson v. Wilson,* 225 N.C. 417, 35 S.E. 2d 245; (2) that he failed to keep the automobile under reasonable control, *Hobbs v. Coach Co.,* 225 N.C. 323, 34 S.E. 2d 211; *Tarrant v. Bottling Co.,* 221 N.C. 390, 20 S.E. 2d 565; *Reeves v. Staley,* 220 N.C. 573, 18 S.E. 2d 239; (3) that he drove the automobile on the highway at a speed greater than was reasonable and prudent under the conditions then existing, G.S. 20-141 (a); and (4) that he failed to give a reasonable and timely warning of the approach of the automobile to the decedent. G.S. 20-174 (e); *Sparks v. Willis, supra; Yokeley v. Kearns, supra; Smith v. Miller, supra.* It likewise warrants a finding that such neglgence on the part of Gibbs was the proximate cause of the death of the decedent. These things being true, the trial court rightly refused to nonsuit the action.

No error.