CLYDE BUTLER, ADMINISTRATOR OF CARSON EUGENE BUTLER, DECEASED, v. J. R. ALLEN AND BOBBY ALLEN, BY HIS GUARDIAN AD LITEM, J. R. ALLEN.

(Filed 18 April, 1951.)

**1. Trial § 22a—**

On motion to nonsuit, the evidence is to be considered in the light most favorable for plaintiff, giving him the benefit of all reasonable inferences fairly deducible therefrom.

**2. Automobiles § 17—**

While ordinarily a motorist proceeding at a lawful and reasonable speed is not liable for injuries to a child who darts from behind another vehicle or other object into the street so suddenly that he cannot avoid striking the child, where the motorist travels at a speed in excess of the statutory limit or greater than is reasonable and prudent under the existing conditions he is not relieved of liability if his excessive speed prevents him from avoiding the accident after he saw or should have seen the child in the exercise of due care.

**3. Automobiles § 12a—**

It is unlawful for a motorist to drive at a speed greater than is reasonable and prudent under the existing conditions, and the fact that the speed of a vehicle is lower than the statutory limit does not relieve the driver of the duty to decrease speed when special hazards exist with respect to pedestrians or other traffic. G.S. 20-141 (a) (c).

**4. Negligence § 1—**

The standard of care required by law is always that care which a reasonably prudent man would exercise under the same or similar circumstances.

**5. Automobiles § 18h (2)—"Sudden appearance doctrine" held not to justify nonsuit in this action for death of child struck on street.**

Evidence tending to show that the driver of a car was proceeding northerly at a speed of sixty miles an hour on a street in a town along a block on which several houses fronted, that a wagon was proceeding in a southerly direction along the street, that intestate, a five-year-old boy, was on the west side of the street and other children were playing on the sidewalk on the opposite side thereof, and that the boy suddenly ran into the street from behind the wagon into the path of the car, and was struck some twenty-five to fifty feet north of an intersection, *held* sufficient to be submitted to the jury upon the question of whether the driver was guilty of negligence in speeding and, if so, whether it was a proximate cause of the injury and death of intestate.

BARNHILL, J., concurring.

APPEAL by plaintiff from *Godwin, Special Judge,* December Term, 1950, of CABARRUS.

This is an action instituted to recover damages for the wrongful death of plaintiff's intestate, Carson Eugene Butler, a boy five years of age.

He died as the result of injuries sustained, on 12 November, 1948, from being struck by an automobile owned by the defendant J. R. Allen, while being driven by his minor son, the defendant Bobby Allen.

· At the conclusion of the plaintiff's evidence, the defendants moved for judgment as of nonsuit, the motion was allowed, and the plaintiff appeals, assigning error.

*John Hugh Williams for plaintiff.*

*B. S. Brown, Jr., Hugh Q. Alexander, and R. Furman James for defendants.*

DENNY, J.   The evidence, when considered in the most favorable light to the plaintiff, tends to establish the following facts: the defendant, Bobby Allen, at the time of the accident, was driving his father's automobile in a northerly direction on South Juniper Street, in Kannapolis, N. C., at a speed of sixty miles an hour, and struck the plaintiff's intestate when he ran into the street from behind a wagon which was proceeding in a southerly direction on said street.   The child was struck at a point in the street somewhere between 25 and 50 feet north of the intersection on South Juniper and West C. Streets, and "was knocked forward and North on the road, 12 to 15 feet."   The body of the child came to rest about three feet from the curb on the west side of the street.   The street is 26 feet wide, paved from curb to curb, and is slightly upgrade in the direction in which the Allen car was traveling.   There were skid marks in the street which started 10 or 12 feet north of where plaintiff's intestate was lying, and continued north about 35 or 40 feet.   The automobile came to rest on the east side of the street, 52 feet from where the plaintiff's intestate lay.   The right rear wheel of the Allen car was against the curb with the front end headed across the street.   There were some children on the sidewalk on the opposite side of the street from where the plaintiff's intestate attempted to cross the street.   The Allen car and the wagon referred to herein were the only vehicles on the street at or near the scene of the accident at the time it occurred.   The wagon had a bed on it which was about waist high.   "It was a shallow top." The evidence would indicate the accident may have occurred in a residential district.   There is a grocery store, service station and barber shop at the intersection of South Juniper and West C. Streets, according to the testimony of the witnesses, and at least four residences on the west side of the street in the block in which the accident occurred.   Be that as it may, the plaintiff never undertook to clarify the facts in this respect.

The question for determination is whether the evidence adduced in the trial below, when considered in its most favorable light for the plaintiff, together with the reasonable inferences fairly deducible therefrom, as it

must be on motion for judgment as of nonsuit, is sufficient to carry the case to the jury on the issue of defendants' negligence. We are inclined to the view that it is sufficient to do so. *Edwards v. Cross, ante,* 354, 64 S.E. 2d 6; *Chambers v. Allen, ante,* 195, 63 S.E. 2d 212; *Thomas v. Motor Lines,* 230 N.C. 122, 52 S.E. 2d 377; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307.

Ordinarily, where a motorist is proceeding at a lawful rate of speed and such speed is reasonable and prudent under the circumstances then existing, he is not liable for injuries to a child who darts from behind another vehicle or other object in front of his automobile so suddenly that he cannot stop or otherwise avoid the injury. *Kennedy v. Lookadoo,* 203 N.C. 650, 166 S.E. 752; *Henklemann v. Metropolitan Life Ins. Co.,* 180 Md. 591, 26 A. 2d 418; *Peabody Coal Co. v. Industrial Commission,* 308 Ill. 133, 139 N.E. 7. See also the case of *Fox v. Barlow,* 206 N.C. 66, 173 S.E. 43. But, on the other hand, where one is driving an automobile at a speed in excess of the statutory limit, or at a greater speed than is reasonable and prudent under the conditions then existing, the mere fact that a child suddenly runs in front of the moving vehicle, does not necessarily relieve the driver from liability. There still remains the question whether the negligent driving of the automobile made it impossible for the driver of the car, under the circumstances, to avoid the accident after seeing the child, or whether by the exercise of reasonable care, such driver could have seen the child in time to avoid the injury. *Goss v. Williams,* 196 N.C. 213, 145 S.E. 169; *Moore v. Powell,* 205 N.C. 636, 172 S.E. 327; *Kelly v. Hunsucker,* 211 N.C. 153, 189 S.E. 664.

It is provided in G.S. 20-141, subsection (a), that "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing." And it is further provided in subsection (c) of the same statute that the fact that the speed of a vehicle is lower than that fixed by statute, such fact does not relieve the driver from the duty to decrease his speed when special hazards exist with respect to pedestrians or other traffic, and "speed shall be decreased as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

The due care required in fixing responsibility for negligence is the rule of the prudent man. The standard is always that care which a reasonably prudent man should exercise under the same or similar circumstances. *Rea v. Simowitz,* 225 N.C. 575, 35 S.E. 2d 871. And, as stated by *Barnhill, J.,* in speaking for the Court in the last cited case: "The quality of care required to meet the standard must be determined by the circumstances in which plaintiff and defendant were placed with respect to each other. And whether defendant exercised or failed to exercise

ordinary care as understood and defined in our law of negligence is to be judged by the jury in the light of the attendant facts and circumstances."

This is a borderline case, but in view of the fact that the evidence discloses the presence of children on the sidewalk near the scene of the accident at the time of its occurrence, and that a number of families were living in the block in which the accident occurred, coupled with the further testimony as to the speed of the car, the evidence is sufficient, in our opinion, to justify the submission of the case to the jury. We think it should be left to the twelve to say whether the defendant Bobby Allen was guilty of negligence in the operation of his father's car, and, if so, whether such negligence was the proximate cause of the injury and death of the plaintiff's intestate. *Hughes v. Thayer,* 229 N.C. 773, 51 S.E. 2d 488; *Sparks v. Willis,* 228 N.C. 25, 44 S.E. 2d 343; *Smith v. Miller,* 209 N.C. 170, 183 S.E. 370.

The judgment of the court below is
Reversed.

BARNHILL, J., concurring: The evidence considered in the light most favorable to plaintiff tends to show that defendant operated his automobile through a built-up area at a street intersection in Kannapolis at about sixty miles per hour. His conduct, in so doing, evidenced a wanton indifference to the safety of others. Such use of an automobile converts it into a deadly weapon. And one who, by the reckless use of a deadly weapon, injures or kills another is both criminally and civilly liable. It is on this theory of liability I concur.