FLOYD GREENE, ADMINISTRATOR OF THE ESTATE OF NORMA LEE GREENE, DECEASED, v. MITCHELL COUNTY BOARD OF EDUCATION AND STATE BOARD OF EDUCATION.

(Filed 18 March, 1953.)

1. **State § 3a—**

The Industrial Commission is vested with jurisdiction under the State Tort Claims Act to hear claims against the State for personal injuries sustained by any person as a result of negligence of a State employee while acting within the scope of his employment. G.S. 143, Art. 31.

**2. State § 3e—**

Where an appeal from an award made by the Industrial Commission under the State Tort Claims Act is not supported by any exception, the appeal presents the single question whether the facts found by the Commission support the award, and does not challenge the sufficiency of the evidence to support the findings of fact or any one of them.

**3. Same—**

The findings of fact of the Industrial Commission in a proceeding under the State Tort Claims Act are binding upon appeal when supported by competent evidence.   G.S. 143-293.

**4. Automobiles § 17—**

When a motorist sees, or by the exercise of due care should see, a child or children on or near the highway he must immediately recognize the peril attendant their immaturity and must proceed in such manner and at such speed as is reasonably calculated to avoid striking such child or children.

**5. Schools § 5½—**

The duty of a motorist to exercise a high degree of caution when he sees, or by the exercise of ordinary care should see, children on or near the highway applies with particular emphasis to the operator of a school bus transporting children to their homes after school, and such driver is required by the rule of the N. C. Board of Education to supervise their activities from their discharge from the bus until they have crossed the highway in safety or are otherwise out of danger, and not to start the bus until he sees them to be out of danger.

**6. Same: State § 3b—Evidence held to sustain finding of Industrial Commission that school bus driver was guilty of negligence proximately causing death of child who had alighted from bus.**

Evidence tending to show that a driver of a school bus stopped for five children to alight, three of whom were to cross the road on the way to their homes, and drove off in a hasty manner as the last one alighted, and that immediately after the bus had moved off one of the children was found near the center of the road mortally injured, and that no other vehicle had passed, *is held* sufficient to sustain the conclusion of the Industrial Commission that the driver of the bus was guilty of negligence and that such negligence was the proximate cause of the child's death, and findings as to just where the child was standing when struck or whether she was in a position to have been seen by the bus driver are minor details having no substantial bearing upon the issue, since the negligence of the driver does not rest upon whether he could have seen the child in a position of peril in time to have avoided colliding with her.

**7. State § 3e—**

Where in a proceeding under the State Tort Claims Act, the Industrial Commission has found all essential facts necessary to support its award, appellant's motion to remand for additional facts is untenable.

**8. Same—**

On appeal to the Superior Court from award of the Industrial Commission under the State Tort Claims Act, whether the court should interrupt

the hearing and call in the court reporter so that appellants might make specific exceptions to certain findings of fact and conclusions of law of the Commission, rests in his sound discretion, it being the duty of appellants to enter exceptions to the findings of the Commission prior to the hearing in the Superior Court.

APPEAL by defendants from *McLean, Special Judge,* September Term, 1952. Affirmed.

Claim for wrongful death under the State Tort Claims Act of 1951.

On 20 April 1951 plaintiff's intestate, a child of seven years of age, was a passenger on a school bus being operated by one Dean Peake, assistant or substitute school bus driver. Peake was taking the children home after school, and this was his second trip. When he reached a point opposite the home of plaintiff's intestate, he stopped the bus on the right-hand side of the road and five children, including plaintiff's intestate, got off. Three, including plaintiff's intestate, had to cross to the left-hand side of the road to go home.

Plaintiff's intestate alighted first and started around the front of the bus to cross to the left. Peake testified the last time he saw her she was about one foot to the left of the left front fender of the bus. Other witnesses testified the bus moved off so quickly they did not have time to pass in front and they did not know whether the deceased had at the time cleared the front of the bus. Just as soon as the last child left the bus, Peake released his clutch and closed the bus door with the mechanical arm "with approximately simultaneous motions," at the same time cutting or turning his bus to the left towards the traveled portion of the gravel road.

As the bus drove off, one of the children saw something on the bus he thought was a coat, and just as soon as the bus left, the deceased was seen prostrate in the road, slightly to the left of the center. She had received injuries which caused her death.

From the time the bus stopped to the time deceased was found fatally injured, no other vehicles had passed. There was nothing on the bus to indicate it came in contact with the body of the deceased.

Theretofore, when the bus was stopped, it would wait until all the children crossed the road. "That's what we ordinarily did, cross the road and got in the path before the bus pulled out. Before this time, the bus driver would stop and put out the flag until we crossed the road and until we got across the creek going up the road to our house."

The Industrial Commission found all the essential facts, including the finding and conclusion:

"9. That it was the duty of the said Dean Peake to ascertain that the children who had been discharged from his bus were in positions of safety

before proceeding, and in failing so to do he was negligent; that he drove away in a hasty manner while simultaneously closing the bus door, without keeping a proper lookout and without using due caution and circumspection, and in so doing struck and killed Norma Lee Greene; that his negligence was the proximate cause of the injury and death of the said Norma Lee Greene and that there was no contributory negligence on her part." Thereupon it made an award in the sum of $6,000. Defendants appealed.

When the cause came on for hearing in the Superior Court the judge below entered judgment affirming the award and defendants excepted and appealed.

*W. E. Anglin for plaintiff appellee.*
*Attorney-General McMullan, Assistant Attorney-General Love, and Powell and White, Members of Staff, for defendant appellant.*

BARNHILL, J.   Ch. 1059, Session Laws 1951 (codified as General Statutes Ch. 143, art. 31, supplement of 1951) provides for the payment of damages for personal injuries sustained by any person "as a result of a negligent act of a State employee while acting within the scope of his employment and without contributory negligence on the part of the claimant or the person in whose behalf the claim is asserted." Recovery by any one claimant is limited to $8,000, including medical and other expenses. G.S. 143-291.

The Industrial Commission is vested with jurisdiction to hear claims arising under the Act, and its findings of fact are conclusive if there is any competent evidence to support them. G.S. 143-293.

While defendants in their application for a review by the full Commission of the award made by the hearing commissioner assigned certain errors on the part of the hearing commissioner, they neither excepted to nor assigned error in the award made by the full Commission. Neither did they except to the award entered. They were content to give written notice of their appeal to the Superior Court.

At the hearing in the court below they, through counsel, moved to remand for "(1) A specific hearing (*sic*) as to the specific acts of negligence complained of; (2) a finding as to where Norma Lee Greene, deceased, was standing at the time of the bus' departure, and how long she had been standing there, and (3) whether she was in a position to have been seen by the driver of the bus." They likewise moved for judgment of nonsuit and excepted to the refusal of the court to interrupt the hearing and send for the court reporter so that they might, at that time, enter exceptions to specific findings of fact and conclusions of law of the Industrial Commission. They likewise moved the court to strike the Commis-

sion's finding of fact No. 9.  The appeal to this Court is based on the exceptions to the rulings of the court below made on these motions entered at the hearing.

Since the appeal of the defendants from the Industrial Commission to the Superior Court was unsupported by any exception, it amounted to nothing more than a general exception to the decision and award of the Commission.  It was insufficient to challenge the sufficiency of the evidence to support the findings of fact of the Commission or any one of them.  It carried up for review in the Superior Court the single question whether the facts found by the Commission support the decision and award. *Parsons v. Swift & Co.,* 234 N.C. 580, 68 S.E. 2d 296; *Greene v. Spivey,* 236 N.C. 435; *In re Sams,* 236 N.C. 228.

The facts found by the Commission are fully supported by the evidence and are therefore, under the terms of the statute, binding on us.  G.S. 143-293.  They sustain the conclusion of the Commission that the death of plaintiff's intestate was proximately caused by the negligence of an employee of defendants, State agencies, in the course of his employment, and the award was within the limit prescribed by statute.  G.S. 143-291.

We have repeatedly held that the presence of children on or near a highway is a warning signal to a motorist.  He must recognize that children have less capacity to shun danger than adults; are more prone to act on impulse, regardless of the attendant peril; and are lacking in full appreciation of danger which would be quite apparent to a mature person. When, therefore, he sees, or by the exercise of due care should see, that children are on the highway, he must immediately bring his vehicle under control and, in the exercise of ordinary care, proceed in such manner and at such speed as is reasonably calculated to enable him to avoid striking such child or children.  *Hawkins v. Simpson,* 237 N.C. 155; *Hughes v. Thayer,* 229 N.C. 773, 51 S.E. 2d 488; *Sparks v. Willis,* 228 N.C. 25, 44 S.E. 2d 343; *Edwards v. Cross,* 233 N.C. 354, 64 S.E. 2d 6; *Yokeley v. Kearns,* 223 N.C. 196, 25 S.E. 2d 602; *Smith v. Miller,* 209 N.C. 170, 183 S.E. 370; *Moore v. Powell,* 205 N.C. 636, 172 S.E. 327.

This duty to exercise a high degree of caution in order to meet the standard of care required of a motorist, *Rea v. Simowitz,* 225 N.C. 575, 35 S.E. 2d 871, when he sees or by the exercise of ordinary care should see children on a highway applies with peculiar emphasis to the operator of a school bus transporting children to their homes after school.  His passengers are in his care and he knows that many of them must cross the road after they alight from the bus.  It is his duty to see that those who do alight are in places of safety before he again puts his vehicle in motion.

The rules adopted by the N. C. Board of Education governing public school transportation as they relate to the operation of.school buses ex-

GREENE *v.* BOARD OF EDUCATION.

pressly provide that the driver of a school bus must "supervise the activities of children discharged from the bus until they have crossed the highway in safety or are otherwise out of danger" and "shall not start the school bus until pupils are seen to be out of danger." Rules, Regulations and Laws Governing Public School Transportation in North Carolina, p. 19, G.S. 115-19.

Here five children got off the bus at the same time and place. Three of them had to cross over to the left side of the road to get to their homes. Ordinarily the bus remained stationary until they had reached the path or road which led to their homes. On this occasion the bus driver "pulled out" as soon as the last child had alighted. "The little girl's brother hadn't started more than a step or two in front of the bus, and he pulled off. We didn't have a chance to go. I didn't make more than one step until he pulled out." He "drove away in a hasty manner while simultaneously closing the bus door." Just as soon as the bus moved off, the deceased was found near the center of the road, mortally injured. No other vehicle had passed.

Certainly this and the other evidence in the record will support—indeed compels—the inference that the bus collided with the little girl and inflicted the injury which caused her death. It is apparent it "sideswiped" her as it moved off.

It is equally clear that the unfortunate occurrence was proximately caused by the negligence of the bus driver. If he had merely taken time to glance to his left he could have ascertained that the little girl had not crossed the road. He says he did look but did not see her. If so, this put him on notice that she was still somewhere about his bus, out of his sight. Yet he made no effort to ascertain her whereabouts before he put his bus in motion. Such lack of due care toward a child of tender age under the circumstances leaves defendants in poor position to contest the issue of negligence.

So far as this record discloses, there was no testimony of any conduct on the part of the deceased which evidenced any want of due care on her part. Hence we need not discuss or decide whether a child of her age could by her conduct bar her right of recovery.

The motion to strike paragraph 9 of the findings of fact is without merit. It is true this paragraph incorporates a conclusion of law with findings of fact. Yet the facts therein found as well as the conclusion of law are essential to a final determination of the rights of the parties and we find ourselves in full accord with the contents thereof. The findings of fact therein contained are supported by the evidence and the conclusion is a correct statement of the law.

Likewise the motion to remand for further findings is untenable. The Commission found all the essential facts. While it did not find just where

the child was standing when she was struck by the bus or just what part of the bus struck her or whether she was in a position to be seen by the bus driver, these are, on this record, mere minor details which have no substantial bearing on the issues of fact the Commission was required to answer. Negligence here does not rest on the fact the bus driver, by the exercise of ordinary care, could have seen the child in a position of peril in time to stop and avoid colliding with her. It lies in the fact that he, having discharged the children from the bus, failed to exercise proper care to ascertain that they and each of them "had crossed the highway in safety" or were "otherwise out of danger." Hence the cases cited and relied on by defendants are not in point.

If the defendants desired to enter exceptions to the findings of fact made by the Commission, they should have been filed prior to the hearing in the Superior Court. Whether the judge should interrupt the hearing and call in the court reporter, at that late date, "so that specific exceptions could be taken to specific findings of fact and conclusions of law of the Industrial Commission" rested in his sound discretion. Therefore, the denial of the motion of defendants cannot be held for prejudicial error. *Fox v. Mills, Inc.,* 225 N.C. 580, 35 S.E. 2d 869.

For the reasons stated the judgment entered in the court below is
Affirmed.