SAM R. WILLIAMS, ADMINISTRATOR OF THE ESTATE OF JUDY CAROL GARDNER, v. NORTH CAROLINA STATE BOARD OF EDUCATION.

(Filed 10 October, 1956.)

**State § 3b—**

> Evidence *held* sufficient to support the findings of fact sustaining the conclusions that school bus driver was guilty of negligence proximately causing death of child who had alighted from the bus and that the child was not guilty of contributory negligence.

JOHNSON, J., not sitting.

APPEAL by defendant from *Parker, J.,* 18 June, 1956 Term, WILSON Superior Court.

This proceeding originated before the North Carolina Industrial Commission under the Tort Claims Act, G.S. 143-291, *et seq.,* upon the ground that plaintiff's intestate, a child seven years, two months of age,

came to her death as a result of a negligent act on the part of one Leonard Weeks, school bus driver, employee of the defendant.

On 18 March, 1955, about 3:00 p.m., the driver stopped the school bus on the right-hand shoulder of a paved highway to let off seven children who lived about ¼ mile from the bus route. In order to go home, the children had to cross the highway. It was their custom to cross in front of the bus and before it moved. Among the children was Judy Carol Gardner. She got off the bus with the others. Six of the children crossed the highway in a group. The driver started the bus without ascertaining whether Judy Carol was in the group.

Clifton Gardner, brother of Judy Carol, testified: "I heard somebody holler when I got across the road. I looked back and I saw the back right wheel when it ran over Judy." The bus driver testified: "It was seven got off and I thought I watched them all go round. I do not remember seeing Judy Carol in the group. . . . After I saw the group of children going up the path to my left, I closed the door, put the stop sign out, looked in front and went on. . . . I did not see anything. I went a little ways and felt a bump and I heard someone holler, and that's when I stopped."

The hearing commissioner found that Judy Carol Gardner was killed as a proximate result of a negligent act on the part of the bus driver, that she was not guilty of contributory negligence, and awarded compensation. After appeal and review, the full commission approved. Upon appeal, the Superior Court overruled all exceptions and entered judgment affirming the award. The defendant appealed.

*Chas. B. McLean and Carroll W. Weathers, Jr., for plaintiff appellee.*

*George B. Patton, Attorney General, Claude L. Love, Asst. Attorney General, and F. Kent Burns, Staff Attorney, for defendant appellant.*

PER CURIAM. A review of the record convinces us that there was sufficient competent evidence before the Industrial Commission to support the findings of fact which in turn are sufficient to sustain the award. The findings, therefore, were binding upon the Superior Court and likewise upon us. The principles of law involved are so fully stated in the case of *Greene v. Board of Education,* 237 N.C. 336, 75 S.E. 2d 129, no useful purpose would be served by repeating them here. On the authority of that case, the judgment of the Superior Court of Wilson County is

Affirmed.

JOHNSON, J., not sitting.