GRADY POPE, BY HIS NEXT FRIEND, VERNIE POPE, v. THEODORE R. PATTERSON.

(Filed 13 January, 1956)

**1. Automobiles § 34—**

A motorist is under legal duty to exercise due care to avoid injuring children whom he sees, or by the exercise of reasonable care should see, on or near the highway.

**2. Same—**

A motorist who sees children on or near the highway must exercise care in proportion to their incapacity to foresee, or to appreciate, and to avoid peril, and in some situations, he must anticipate that a child of tender years may attempt to cross in front of an approaching automobile unmindful of danger.

**3. Automobiles § 41m—Evidence held for jury on issue of negligence in striking child on highway.**

The evidence tended to show that a 12-year-old boy was pushing a toy wagon, in which a 4½-year-old boy was riding, diagonally in a southeasterly direction across a paved highway in a rural section, that defendant, traveling in an easterly direction, saw them when he was 400 feet distant, at which time they were on his left of the highway, that defendant slowed down, that when the children were about the middle of the road, the 12-year-old boy looked back, saw defendant's truck, told the younger boy to turn the wagon and go straight across the highway, that the younger boy turned the wagon to the right into defendant's lane of travel, that defendant swerved his truck to the right, but hit the older boy, and· stopped the truck on the right shoulder some ten feet from the impact. *Held:* Defendant's motion to nonsuit should have been denied.

**4. Automobiles § 19—**

The evidence tended to show that defendant, traveling in an easterly direction, saw children on the highway when they were some 400 feet distant, that one of the children was pushing a toy wagon, in which the other was sitting, diagonally in a southeasterly direction, that defendant slowed his truck, but struck one of the children when the wagon was suddenly turned right into his lane of travel. *Held:* Defendant cannot avail himself of the doctrine of sudden emergency, since this doctrine is not available to one who by his own negligence has brought about or contributed to the emergency.

HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Armstrong, J.*, June Term 1955 of CABARRUS.

Action to recover damages for injuries to a 12-year old boy struck by an automobile.

The plaintiff's evidence tends to show these facts:

About 4:30 p.m. on 2 October 1953, a clear day with the sun shining and the pavement dry, Grady Pope, a 12-year old boy, was pushing a homemade toy wagon, in which Larry Wayne Beach, a 4½-year old boy, was riding and guiding the wagon, "at an angle" in an easterly direction across a paved highway in a rural section. The highway at the scene runs east and west, is practically level, and the pavement is 17 feet 11 inches wide. Before pushing the toy wagon upon the highway Grady Pope looked west, and seeing no approaching vehicle, entered the highway from the north side.

From the place where the boys were crossing the highway there is an unobstructed view 400 feet to the west along the highway. The defendant was driving a pick-up truck on this highway going east. He told Patrolman H. B. McKee, who investigated the occurrence, that he first saw the two boys, when he was about 400 feet from them; that one of them was pushing a homemade toy wagon, and one riding in it; and that "they were in the left lane of the road, the same direction he was travelling."

When Grady Pope got to the middle of the road, or a little farther, he looked back, and saw defendant's approaching truck. He does not know how far the truck was from him when he saw it. He told Larry Wayne Beach to turn the wagon, and go straight across the road. As Grady Pope went from the point where he first entered the highway to the point where he first saw the truck, he was trotting. When he saw the truck, he started running. That is all he knows, because he was struck by defendant's truck, and knocked unconscious. He heard no signal or warning of an approaching car. He had three bones broken, and remained in a cast eight weeks.

Two witnesses said they heard a horn just prior to the boy being struck. The defendant in talking to Patrolman McKee made no statement about blowing his horn.

From signs in the road the point of collision was about 15 feet from the north edge of the pavement and near the south edge. Defendant's truck stopped on the shoulder of the highway headed east with the front of it about 10 feet from the apparent point of collision. The toy wagon was near the left rear wheel of the stopped truck. The truck was damaged on the left front fender near the headlight. Short skid marks led up to the truck.

The defendant told Patrolman McKee that when he saw the boys, "he slowed down his truck, and continued on ahead, and just as he got almost even with them, they made a complete right turn from the left side of the road across into the right hand lane right into the path of his vehicle, and he put his brakes on, pulled his truck to the right, as quickly as he could, but was unable to avoid it."

At the close of plaintiff's evidence, the court allowed the defendant's motion for judgment of nonsuit.

Plaintiff appeals, assigning error.

*C. M. Llewellyn, Anne S. Greene, and M. B. Sherron for Plaintiff, Appellant.*

*E. R. Alexander and E. T. Bost, Jr., for Defendant, Appellee.*

PARKER, J. The sole contention of the defendant is that the plaintiff has not offered sufficient evidence of actionable negligence on the part of the defendant to carry the case to the jury.

It has been repeatedly declared by this Court that a legal duty rests upon a motorist to exercise due care to avoid injuring children whom he sees, or by the exercise of reasonable care should see, on or near the highway. *Pavone v. Merion,* 242 N.C. 594, 89 S.E. 2d 108; *Hawkins v. Simpson,* 237 N.C. 155, 74 S.E. 2d 331; *Sparks v. Willis,* 228 N.C. 25, 44 S.E. 2d 343; *Moore v. Powell,* 205 N.C. 636, 172 S.E. 327; *Goss v. Williams,* 196 N.C. 213, 145 S.E. 169.

A motorist must recognize that children have less judgment and capacity to appreciate and avoid danger than adults, and that children are entitled to a care in proportion to their incapacity to foresee, to appreciate and to avoid peril. *Pavone v. Merion, supra; Greene v. Board of Education,* 237 N.C. 336, 75 S.E. 2d 129; *Hughes v. Thayer,* 229 N.C. 773, 51 S.E. 2d 488; *Yokeley v. Kearns,* 223 N.C. 196, 25 S.E. 2d 602.

In *Sparks v. Willis, supra, Devin, J.,* said for the Court: "It has been frequently declared by this Court to be the duty of one driving a motor

vehicle on a public street who sees, or by the exercise of due care should see, a child on the traveled portion of the street or apparently intending to cross, to use proper care with respect to speed and control of his vehicle, the maintenance of vigilant lookout and the giving of timely warning to avoid injury, recognizing the likelihood of the child's running across the street in obedience to childish impulses and without circumspection."

In a particular situation due care may require a motorist to anticipate that a child of tender years, whom he sees on the highway, will attempt to cross in front of an approaching automobile, unmindful of danger. *Hughes v. Thayer, supra; Fox v. Barlow,* 206 N.C. 66 173 S.E. 43.

*Lucas v. Bushko,* 314 Pa. 310, 171 A. 460, was an action against a motorist for striking a nine-year old child riding on a tricycle on a road. The Supreme Court of Pennsylvania said: "Where an automobile driver sees a child in a place of danger, or has reason to apprehend that it might run into a place of danger, and has sufficient time to stop his car if under proper control, it is his duty to exercise such care as would be reasonably necessary to avoid a collision." In that case the defendant's car was travelling west on the highway and stopped within its own length after striking the child. The Supreme Court of Pennsylvania reversed the trial court, and held it was a case for the jury.

When the defendant was 400 feet away, he saw Grady Pope pushing a homemade toy wagon, in which Larry Wayne Beach was riding, across the highway. He saw they were children, and must have known that the boy in the toy wagon was a small child. The toy wagon was being pushed from the north side of the highway diagonally across it in a southeasterly direction. The boys were going in the same direction as the defendant was, and it is a reasonable inference that Grady Pope's back was to the defendant, for he says when he had pushed the wagon to the middle of the road, or a little farther, he looked back. There were no obstructions on the highway, and nothing to interfere with the defendant's vision. These boys were on the highway, where they had a right to be, in plain view, and it was incumbent upon the defendant to have his car under such control as to be prepared for such rash movements as might be expected of these boys. Although the defendant's car stopped in a short distance after striking Grady Pope, and although there is no evidence as to the speed of the defendant's car, yet the fact remains that his car struck and injured this boy whom he had seen in plain view for 400 feet on the road before striking him, and when the boy was almost off the pavement.

It would seem that the defendant cannot avail himself of the doctrine of sudden emergency, for as *Winborne, J.,* said in *Hoke v. Greyhound*

*Corp.*, 227 N.C. 412, 419, 42 S.E. 2d 593: "The principle is not available to one who by his own negligence has brought about or contributed to the emergency."

We feel that it is a question for the jury under proper instructions to say as to whether or not the defendant exercised due care to avoid injuring Grady Pope, whom he saw on the highway.

The judgment of the lower court is

Reversed.

HIGGINS, J., took no part in the consideration or decision of this case.