WILLIE WASHINGTON, BY HENRY WASHINGTON, HIS NEXT FRIEND
v. WILLIE DAVIS, JR.

(Filed 15 October, 1958.)

**1. Automobiles § 34—**

It is the duty of a motorist in regard to a child on or near the traveled portion of a street to use proper care with respect to speed and control

of his vehicle, maintain a vigilant lookout and give timely warning to avoid injury, G.S. 20-174(e), recognizing the likelihood of the child's running across the street in obedience to childish impulses, and the duty of the motorist in this respect applies not only to a child whom the motorist sees but also to a child whom a motorist should have seen in the exercise of reasonable vigilance, since he is charged with seeing what he could and should have seen.

**2. Same—**

The fact that a child attempts to cross a street elsewhere than at a recognized crosswalk does not relieve a motorist of his duty to exercise proper care under the circumstances to avoid injuring the child. and it is error for the court to charge the jury that the motorist would be under no affirmative duty to yield the right of way to the child if the child was crossing or attempting to cross at a place not a recognized crosswalk.

**3. Trial § 31b—**

It is the duty of the court to charge upon a substantive and essential feature of the case arising on the evidence, even in the absence of request for special instructions. G.S. 1-180.

**4. Automobiles § 46—**

Error in an instruction to the effect that a motorist would not be under affirmative duty to yield the right of way to a child if the place where the child was crossing or attempting to cross the street was not a recognized crosswalk, *held* not cured by a subsequent charge that, notwithstanding the law with regard to right of way, the motorist would be under duty to exercise proper precaution upon observing any child to avoid injuring him, since such duty obtains not only to a child whom the motorist saw, but also to a child whom the motorist could and should have seen in the exercise of due care.

JOHNSON AND PARKER, JJ., not sitting.

APPEAL by plaintiff from *Craven, Special Judge,* May 19 Civil Term, 1958, of MECKLENBURG.

Personal injury action.

On October 21, 1956, about 12:40 p.m. on Seaboard Street, at or near its intersection with Maxwell Street, in the City of Charlotte, an automobile operated by defendant collided with plaintiff, a four year old boy.

Seaboard Street, a narrow paved street running east-west, is the top of a "T" intersection, being the south terminus of Maxwell Street. An embankment and railroad tracks are situated to the south of Seaboard Street.

Plaintiff lived with his parents in an apartment house fronting on Seaboard Street, located at the northeast corner of said intersection. It was stipulated that this was a residential district. G.S. 20-141(b)2.

George Elliott's automobile was parked on the south side of Seaboard Street, headed east, across Seaboard Street from said apartment.

house. Defendant was operating his car, headed west, along Seaboard Street.

Plaintiff alleged: As plaintiff attempted to cross from the north side to the south side of Seaboard Street, he was struck and injured by defendant's car; and the negligence of defendant proximately caused plaintiff's injuries.

Defendant alleged: As defendant proceeded lawfully, west, along Seaboard Street, plaintiff, who was completely concealed behind the Elliott car, ran from this position, in a northerly direction, into the left front fender of defendant's car, an event which defendant could not reasonably foresee or avoid.

Issues of negligence and of damages were submitted. The jury having answered the negligence issue, "No," judgment was entered in favor of defendant. Plaintiffff excepted and appealed, assigning errors relating solely to the court's charge to the jury.

*Bell, Bradley, Gebhardt & DeLaney for plaintiff, appellant.*
*John H. Small for defendant, appellee.*

BOBBITT, J.    Plaintiff's evidence tends to show that he was injured under these circumstances: On October 21, 1956, plaintiff was with Mrs. Streeter and her two daughters in the Streeter apartment, located in the apartment house at the northeast corner of Seaboard and Maxwell Streets. Mrs. Streeter, with her daughters and plaintiff, were going to ride with Elliott. Leaving her apartment, Mrs. Streeter crossed Seaboard Street with her eight year old daughter. Then her nine year old daughter crossed safely. Plaintiff, about ten feet behind the nine year old girl, attempted to cross. He came south, off of the (east) side of Maxwell Street nearest the Streeter apartment, towards the Elliott car. Plaintiff had "almost crossed" in front of defendant's car when struck by its left front fender. The impact occurred "about the center of Seaboard Street, and just a slight bit west of the northern projection of Maxwell." Defendant's speed was 45-50 miles per hour.

It is noted that defendant's evidence tends to show an entirely different factual situation.

Plaintiff assigns as error:

1. The court's failure to instruct the jury "with respect to the duty imposed by law upon a motorist to avoid injuring children whom he may see, or by the exercise of reasonable care should see, on or near the highway."

2. This excerpt from the charge, viz,: "If, however, you find that the child was not within a crosswalk, but instead the child was crossing in the middle of the intersection or was crossing at some other place there that was not a recognized crosswalk where people crossed,

or if you find that the particular place where he was crossing, wherever you find it to be, was not a crosswalk and was not used by people as a crosswalk at an intersection, *then* as a necessary corollary of this principle of law *I charge you that the defendant motorist would have been under no affirmative duty to yield the right of way to the said child.*" (Our italics)

Immediately following the challenged excerpt, the court gave this further instruction: "Notwithstanding what the law may be with regard to right of way, I charge you that it was the duty of this defendant motorist to exercise due care to avoid colliding with any pedestrian upon the roadway and also his duty to give warning by sounding the horn when he knew, or should have known in the exercise of ordinary due care, that it was necessary for him to do so. And also I charge you it was his duty to exercise proper precaution, that is to say ordinary due care, *upon observing any child upon the street, if he did observe the child upon the street,* so as to avoid injury to the said child." (Our italics)

Since plaintiff, as a matter of law, was incapable of contributory negligence, *Walston v. Greene,* 247 N.C. 693, 102 S.E. 2d 124, we are concerned only with (1) defendant's legal duty and (2) his alleged failure to exercise due care in the performance thereof. *Barnes v. Caulbourne,* 240 N.C. 721, 83 S.E. 2d 898.

"It has been frequently declared by this Court to be the duty of one driving a motor vehicle on a public street who sees, or by the exercise of due care should see, a child on the traveled portion of the street or apparently intending to cross, to use proper care with respect to speed and control of his vehicle, the maintenance of vigilant lookout and the giving of timely warning, to avoid injury, recognizing the likelihood of the child's running across the street in obedience to childish impulses and without circumspection." Devin, J., (later C. J.), in *Sparks v. Willis,* 228 N.C. 25, 28, 44 S.E. 2d 343.

"A motorist must recognize that children have less judgment and capacity to appreciate and avoid danger than adults, and that children are entitled to a care in proportion to their incapacity to foresee, to appreciate and to avoid peril." Parker, J., in *Pope v. Patterson,* 243 N.C. 425, 90 S.E. 2d 706, citing *Sparks v. Willis, supra,* and other prior decisions.

If in fact plaintiff attempted to cross Seaboard Street elsewhere than in a legal or recognized crosswalk, such fact would not relieve defendant of his legal duty under the rule of law stated above.

There was evidence which, if accepted by the jury, was sufficient to support a finding that defendant, by the exercise of due care, could and should have seen plaintiff as he attempted to cross from the north

to the south side of Seaboard Street. This was a substantive and essential feature arising on the evidence, G.S. 1-180; and plaintiff was entitled, without special request therefor, to an instruction applying the rule of law stated in *Sparks v. Willis, supra,* and in other cases, in respect of defendant's legal duty under such circumstances. *Hawkins v. Simpson,* 237 N.C. 155, 74 S.E. 2d 331. We find nothing in the charge deemed sufficient to give plaintiff the benefit of this rule of law.

The court was in error in instructing the jury that defendant "would have been under no affirmative duty to yield the right of way to the said child" if the place where plaintiff was crossing or attempting to cross was not a legal or recognized crosswalk.

G.S. 20-174(e) provides: "Notwithstanding the provisions. of this section, *every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway,* and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway." (Our italics)

The duty to exercise due care to avoid colliding with any pedestrian upon any roadway clearly embraces the duty to see what the motorist reasonably could and should have seen; and the further provisions, to wit, that the motorist give warning by sounding a horn when necessary and that he exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway, must be held to relate to what the motorist reasonably could and should have seen as well as to what he actually saw. *Bank v. Phillips,* 236 N.C. 470, 73 S.E. 2d 323.

The error in the challenged excerpt cannot be deemed cured by the instruction given immediately therafter; for that instruction was to the effect that it was defendant's duty to exercise proper precaution so as to avoid injury to the child *if and when* he actually observed the child upon the street.

G.S. 20-174(e), as well as the rule of law stated in *Sparks v. Willis, supra,* and other cases, imposed upon defendant the legal duty to exercise proper precaution to avoid injury to the child if by the exercise of reasonable care he could and should have observed the child upon the street.

As to the rule in respect of sudden emergency, see *Brunson v. Gainey,* 245 N.C. 152, 95 S.E. 2d 514, and cases cited.

For the errors assigned, which we hold well taken, a new trial is awarded.

New trial.

JOHNSON AND PARKER, JJ., not sitting.