TIMOTHY SHELDON WINTERS, BY HIS GUARDIAN AD LITEM, L. G. GORDON, JR., AND HARRY C. WINTERS v. PATRICIA PATTERSON BURCH

No. 7321SC123

(Filed 28 March 1973)

**Automobiles § 63— striking child on tricycle — directed verdict for defendant driver — no error**

> In an action to recover for personal injuries caused by defendant's allegedly negligent operation of her car, the trial court properly directed verdict for defendant where plaintiff's evidence showed that she was driving through a residential district at 15-20 mph on a sunny afternoon when the roads were dry, that she saw the minor plaintiff on his tricycle but did not think that he would come out in front of her, that she did not sound her horn when he did so but that she did apply her brakes.

Judge MORRIS dissenting.

APPEAL by plaintiffs from *Gambill, Judge,* 3 August 1972 Session of Superior Court held in FORSYTH County.

This is a civil action wherein the minor plaintiff, Timothy Sheldon Winters, and his father, Harry C. Winters, seek to recover damages for personal injuries and loss of services of the minor plaintiff allegedly resulting from a collision between an automobile negligently operated by defendant and a tricycle (Big Wheelie) being ridden by the minor plaintiff.

The material evidence offered by the plaintiffs tended to show the following:

At about 4:22 p.m., 27 April 1971, an automobile operated by defendant struck and seriously injured the minor plaintiff, age 7, on Pleasant Street in a residential area of Winston-Salem. In the vicinity of the accident, Pleasant Street runs north and south and is intersected on the west by Bretton Street. Pleasant Street is 26 feet wide from curb to curb, divided by a center line, and is straight for a distance of about 176 yards north of Bretton Street. The weather was clear and sunny and the streets were dry.

R. C. Lambert, the investigating officer, received a call at 4:27 p.m. and when he arrived at the scene the minor plaintiff was being put in an ambulance. At the scene, defendant told Officer Lambert that she was driving her automobile south on

Pleasant Street at a speed of 15 to 20 miles per hour when "this child rode out into the street from her right." At the hospital, defendant told the mother of the minor plaintiff, "I saw him, but I didn't think he was going to come out in front of me" and "I saw him and that's just where I stopped." With respect to the location of the defendant's automobile after the accident, Officer Lambert testified:

> "I found the defendant's automobile positioned at the scene of the accident or near there with a big wheelie and this was near where they were putting Timmy in the ambulance. It was near the east curb of Pleasant Street. As to whether it was opposite the mouth of Bretton Street or back of the corner, it was back of the corner."

Officer Lambert further testified:

> "I looked for what we normally refer to as debris, like mud or glass in the road to determine the point of impact. I found a small amount of mud in the roadway.

> The mud was 18 feet north from the north cub [sic] line of Bretton Street and 10 feet east of the west curb line of Pleasant Street."

> "The mud was 3 feet west of the center line."

Plaintiff, Harry C. Winters, testified:

> "When I found this black piece of plastic, I say that that was out in the road, eight feet from the west curb of Pleasant Street. Yes, about eight feet, considering the mud or debris of the road that the officer mentioned, he said he found it further. I didn't particularly notice any mud, not in large amounts, let's put it that way.

> Just a little bit of black plastic, very small, caught my attention. I can only surmise that it looked to me like the same plastic on the wheel. Yes, sir, it did look to me to be about the same material. It was eight feet from the western curb line. Yes, I noticed some skid marks extending to the left. Yes, sir, they were in a swerved direction."

With respect to the "skid marks," plaintiff further testified:

> "Yes, sir, I saw skid marks at the scene of the accident. Yes, sir, I measured them. From the start of the tread marks

between the two driveways to the car, it's the front of the car that was 54 feet. Yes, sir, the northernmost tread mark to the front of her car was 54 feet. That includes, of course, allowance for the curvature of the roadway. They began where I found the plastic."

With respect to the "skid marks," Officer Lambert testified:

"There were skid marks approximately . . . 20 feet of skid marks from her left rear tire roughly 3 to 4 feet from the right rear tire.

The skid marks were leading up to where the debris was . . . . The easternmost skid mark was 3-5 feet. There were no marks between the point where I found the mud and the resting place of the automobile."

"The debris I found on the road, the skid marks of the left rear wheel approximately 20 feet of skid mards (sic) came out at an angle like this going toward the east curb line at the right rear tire, left two smaller skid marks approximately 3 or 4 feet in length. Mrs. Burch said she was going to the east side of the road when she applied her brakes. The skid marks that I saw were in a swerved direction to her left. That was in a direction she had been traveling."

Plaintiff found Timmy and the Big Wheelie pinned between the right front wheel and fender of defendant's automobile.

Millie Holt, who lived on the corner of Bretton and Pleasant Streets testified that she heard no unusual noise until she heard "the squeal of tires and the thud" and that she did not hear a horn blow. The minor plaintiff's mother testified that she was in the kitchen of her home (which is located on the east side of Pleasant Street directly across from the Holt residence) when she heard the squeal of brakes, looked out the window and saw her son lying in the street. Mrs. Winters also did not hear a horn blow. There was evidence tending to show that one or two of the tires on defendant's automobile were slick, with very little tread.

At the close of plaintiff's evidence, pursuant to G.S. 1A-1, Rule 50 of the North Carolina Rules of Civil Procedure, defendant moved for directed verdict on the ground that plaintiffs' evidence failed to show actionable negligence on the part of defendant. The trial judge allowed the motion and from a judgment directing a verdict in favor of defendant, plaintiffs appealed.

*Hatfield and Allman by James W. Armentrout and R. Bradford Leggett, Jr., for plaintiff appellants.*

*Womble, Carlyle, Sandridge & Rice by Allan R. Gitter for defendant appellee.*

HEDRICK, Judge.

By their two assignments of error, plaintiffs contend the court erred in allowing defendant's motion for directed verdict and in the entry of judgment directing a verdict for the defendant.

When the evidence in this case is considered in the light most favorable to the plaintiffs, it is insufficient, in our opinion, to raise an inference that the injuries to the minor plaintiff were proximately caused by the actionable negligence of the defendant in the operation of her automobile. *Brewer v. Green,* 254 N.C. 615, 119 S.E. 2d 610 (1961).

The judgment is

Affirmed.

Chief Judge MALLARD concurs and Judge MORRIS dissents.

Judge MORRIS dissenting.

Plaintiff's evidence showed that on a sunny dry April afternoon at approximately 4:22, defendant was proceeding in a southerly direction on Pleasant Street in a residential area of the City of Winston-Salem. Pleasant Street is straight for some 176 yards in this area. There were no obstructions to visibility. Defendant's car had at least one slick tire on it. Defendant saw the minor plaintiff, but she didn't think he was going to come out in front of her. She did not sound her horn. The minor plaintiff came from her right and defendant struck the minor plaintiff and his Big Wheelie at a point almost in the center of the road. The skid marks from defendant's car were 54 feet in length. The skid marks were in a swerved direction to her left. The minor plaintiff and his Big Wheelie were found pinned between the right front wheel and fender of defendant's automobile. Defendant was on her way to work, a distance of over two and one-half miles away, and she was supposed to be there at 4:30.

While all the circumstances are not clear, nevertheless, considering the entire evidence under the rule that plaintiff is entitled, on the defendant's motion, to every reasonable intendment and every reasonable inference therefrom, I reach the conclusion that there is here sufficient evidence to withstand defendant's motion.

I am of the opinion that the principles enunciated in *Pope v. Patterson*, 243 N.C. 425, 90 S.E. 2d 706 (1956), and *Sparks v. Willis*, 228 N.C. 25, 44 S.E. 2d 343 (1947), when applied to the facts in this case, require the submission of this case to the jury.