DEREK F. SPEIGHT, BY HIS GUARDIAN AD LITEM, JAMES W. SPEIGHT, JR. v. SANDRA HINNANT

No. 828SC188

(Filed 19 April 1983)

**Automobiles and Other Vehicles § 63.3— negligence in striking child in driveway**
     In an action to recover for injuries to the minor plaintiff when he was struck by defendant's automobile in a driveway, plaintiff's evidence was suffi-

cient for the jury to find that defendant was negligent in moving her automobile from a stationary position in the driveway without first determining that such movement could be made in safety where it tended to show that the 22-month-old plaintiff, his five-year-old sister and his mother returned from a shopping trip in defendant's car; defendant drove her car into a driveway and parked facing plaintiff's mother's car; the plaintiff, his sister and their mother walked to their car, whereupon the mother opened the door on the driver's side and pushed the front seat forward to allow her children to get in the back seat; the two children got into the car, but the minor plaintiff did not climb into his special infant's car seat; the car door remained open while the mother returned to defendant's vehicle in order to remove her dry cleaning therefrom; as the mother began walking back to her car, she saw only her daughter in the back seat and began calling for the minor plaintiff; a few seconds later she turned around to face defendant's car and saw defendant's tire roll over the plaintiff's face; and before the impact defendant saw plaintiff's sister inside the mother's car but did not see plaintiff therein.

APPEAL by plaintiff from *Barefoot, Judge.* Judgment entered 2 December 1981 in Superior Court, WAYNE County. Heard in the Court of Appeals 11 January 1983.

Plaintiff, an infant, brought this action by his father and guardian ad litem alleging personal injury caused by defendant's negligent operation of an automobile. The evidence offered at trial tended to show the following.

On 6 April 1979, the plaintiff, his mother, and his sister went shopping with the defendant and the defendant's two children. They were traveling in the defendant's car. The six returned from their shopping trip to Patricia Speight's uncle's house where Mrs. Speight had left her car parked in the driveway. Defendant drove her car into the driveway of the house and parked in front of the Speight car. The two cars faced each other in the driveway two to ten yards apart.

When defendant stopped in the driveway, Patricia Speight, her daughter and her son, the plaintiff, got out of defendant's car and walked to their car. Mrs. Speight opened the door on the driver's side, placed some packages on the seat and pushed the front seat forward to allow her children, Danielle and Derek, then five years and twenty-two months old respectively, to get in the back seat. The two children got into the car, but Derek did not climb into his special infant's car seat. The car door remained open while Patricia Speight turned away from her car and walked to the driver's side of the defendant's vehicle in order to remove

her dry cleaning from defendant's car. As she turned again and began walking back to her car, the plaintiff's mother saw only Danielle in the back seat and began calling for Derek. A few seconds later she turned around to face defendant's car and saw defendant's tire roll over the plaintiff's face. She watched as his body bounced from the impact. Plaintiff suffered head and facial injuries and some loss of hearing from the accident.

Patricia Speight testified at trial that when she saw the defendant's car and her son's body collide, the defendant was looking toward her at the front of defendant's car. The defendant testified she saw Mrs. Speight open the car door and tell the children to get in and that before the impact she saw Danielle in the back seat. She did not see Derek in the Speight automobile, however.

After hearing the defendant's evidence, Judge Barefoot granted defendant's motion for a directed verdict. From a judgment directing a verdict for the defendant, plaintiff appealed.

*James, Hite, Cavendish & Blount, by Charles R. Hardee for the plaintiff, appellant.*

*Barnes, Braswell & Haithcock, by W. Timothy Haithcock for the defendant, appellee.*

HEDRICK, Judge.

The only question presented on this appeal is whether the trial judge erred in directing a verdict for the defendant. The plaintiff contends that the evidence was sufficient to require submission of the case to the jury. The plaintiff argues the defendant was negligent because she did not see plaintiff in the Speight car and failed to keep a proper lookout for the infant before she began backing her car. The plaintiff also argues the defendant was put on notice that the plaintiff could have been in the driveway when plaintiff's mother called for him while standing in front of defendant's vehicle.

Anyone who operates a motor vehicle must exercise a reasonable amount of care and caution under the circumstances, and a failure to do so constitutes negligence. 2 N.C. Index 3d, *Automobiles and Other Vehicles* § 8 (1976). If children are present, the motorist's duty of care includes a recognition that

children are less able to avoid danger than adults and the motorist must act as a reasonable man would under such circumstances. *Williams v. Trust Co.*, 292 N.C. 416, 233 S.E. 2d 589 (1977). Such a standard of care applies when a car is operated on private property as well as on public streets and highways. *Id.*

In a recent case, our Supreme Court addressed a situation involving the discharge of a five year old passenger onto a busy residential street. There the Court quoted the following from Justice Parker's opinion in *Pavone v. Merion*, 242 N.C. 594, 594, 89 S.E. 2d 108, 108 (1955):

> A motorist must recognize that children, and particularly very young children, have less judgment and capacity to avoid danger than adults, that their excursions into a street may reasonably be anticipated, that very young children are innocent and helpless and that children are entitled to a care in proportion to their incapacity to foresee and avoid peril.

*Colson v. Shaw*, 301 N.C. 677, 681, 273 S.E. 2d 243, 246 (1981). Thus, when there are children present whom the driver sees or should see, the driver must act reasonably to control the movement of his vehicle and to keep a careful lookout to avoid injury to the children. *Winters v. Burch*, 284 N.C. 205, 200 S.E. 2d 55 (1973).

We are cited by the defendant to *Ham v. Fuel Co.*, 204 N.C. 614, 169 S.E. 180 (1933), where our Supreme Court, Justice Clarkson dissenting, reversed a denial of defendant's motion for nonsuit in a case similar in many ways, but, in our opinion, sufficiently distinguishable to require the trial court in the present case to overrule the defendant's motion for directed verdict, and to submit to the jury the issue of negligence on the part of the defendant. In *Ham* the majority of the Supreme Court stated:

> The evidence leaves no doubt as to the fact that the little child crawled under the truck while the driver was delivering ice and was concealed thereunder when the driver returned to resume the operation thereof. The evidence of careful lookout is uncontradicted, and the failure of the driver to bend down and look under the truck cannot be held for actionable negligence when all other ordinary and reasonable elements of prudent lookout and inspection have been observed.

204 N.C. at 618, 169 S.E. 180 at 182. When the driver of the ice truck in the cited case parked the vehicle on the street in front of the house, where he and his father delivered fifty pounds of ice, he observed a crowd of little children on the other side of the same street playing in a sandpile which extended onto the sidewalk and into the edge of the street. The two men completed their delivery and returned to the truck. Before getting back into the truck, they looked to the front and back of the truck. They got into the truck and again looked to the front and back before backing over the child.

In the present case, the defendant parked her car in the driveway facing the mother's car. The defendant sat facing Mrs. Speight's vehicle while Mrs. Speight took her two small children to the Speight vehicle and opened the door for the children to get into the back seat. The mother left her automobile door open while she returned to the defendant's vehicle to get her laundry. The defendant testified she saw the plaintiff get out of the defendant's car and walk with his mother to the Speight automobile. At no time did she see the plaintiff inside of the Speight car, but she did see the plaintiff's sister, Danielle, inside of the car. The plaintiff's mother testified that when she returned and found that the infant plaintiff, twenty-two months of age, was not in the back seat of her car she began calling and looking for the child a few moments before the defendant began backing. During all this time, the two vehicles were "two to ten yards apart."

Unlike the *Ham* case, where the children were playing on the other side of the street, the plaintiff in this case had been in the defendant's car immediately before the accident and the defendant knew the plaintiff was in close proximity to her car. The infant's mother had also begun calling for her child. The evidence, when considered in the light most favorable to the plaintiff, in our opinion, will permit, but not compel, the jury to find that the defendant was negligent in that she moved her automobile from a stationary position in the driveway without first determining that such movement could be made in safety and that such negligence was a proximate cause of the injury to the infant plaintiff.

We hold the trial court erred in directing a verdict for the defendant.

Reversed and Remanded.

Judges JOHNSON and EAGLES concur.