The majority in the present case provided a thorough recitation of case law regarding the duty of a school bus driver to assure that his passenger has reached "a place of safety" and is otherwise out of danger; however, the majority erred in failing to consider that even though a school bus driver's duty to his passenger may extinguish once the passenger is in the "place of safety," his duty to a child pedestrian, including one that may have been his passenger, does not extinguish. In the present case, Jeffrey Strong, the driver of the school bus, owed the decedent (a child pedestrian) the duty to use due care to avoid injury to any child whom he reasonably knew to be in the vicinity of the bus.
Under the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v. N.C. State Univ.,321 N.C. 706, 709 (1998). It is well settled, and the North Carolina Supreme Court has so found, that:
 [A] legal duty rests upon a motorist to exercise due care to avoid injuring children whom he sees, or by the exercise of reasonable care should see, on or near the highway (citations omitted). A motorist must recognize that children have less judgment and capacity to appreciate and avoid danger than adults, and that children are entitled to a care in proportion to their incapacity to foresee, to appreciate and to avoid peril (citations omitted).
Pope v. Patterson, 90 S.E.2d 706 (1956). Additionally, the Court of Appeals held in Speight v. Hinnant, 301 S.E.2d 520 (1983):
 [W]hen there are children present whom the driver sees or should see, the driver must act reasonably to control the movement of his vehicle and to keep a careful lookout to avoid injury to the children. Winters v. Burch, 284 N.C. 205, 200 S.E.2d 55 (1973). Id.
In the present case, the evidence of record shows that Mr. Strong observed the descendant and four other passengers cross the street and reach a "place of safety" after they exited his bus, but did not keep a careful lookout thereafter, even though the children were still in the vicinity of the bus. Mr. Strong noticed in a rear-view mirror that some of the remaining passengers on the bus were not seated. Mr. Strong testified that he turned in his seat and instructed the standing passengers to return to their seats. Upon assuring those passengers were in their seats, Mr. Strong testified:
 A. I turned back around and because the kids some had ran on down the road and some was walking. And so I checked the mirrors again and we pulled off.
 Q. So when you say you, "checked the mirrors again," are you talking looking for traffic coming?
 A. Checked the mirrors where you can see the passengers (unintelligible) and check the mirrors for traffic.
Q. And then you took off?
A. Yes, sir.
Q. And then what happened?
A. When we took off, it was like we felt a bump.
Mr. Strong later testified that he looked forward in the direction of the road on which he traveled upon proceeding; however, his testimony does not establish that he adequately assessed that no children were directly in front of his bus before proceeding. Mr. Strong's attention to the road had been distracted when he turned around to discipline the passengers on his bus. Upon returning his eyes to the road, he had a duty to maintain a careful lookout of the nearby children before proceeding forward. Mr. Strong testified that he did check the small, round mirrors at the front of the bus, which are designed to give some view of the front of the bus, but admitted: "[T]hem mirrors sometimes can be in a blind, you know, where you can't really tell, especially if a small child is bending, because you can't see all the way at the very bottom of the bus." Despite his knowledge that these mirrors are unreliable, and his knowledge that he had removed his eyes from the road to discipline the passengers on his bus, Mr. Strong took no other action to assure that no children were in front of the bus. Thus, Mr. Strong failed to use due care in proceeding forward without maintaining a careful lookout of the children whom he knew to be in the vicinity of his bus.
Defendant argued that even if Mr. Strong's actions were deemed to be negligent, an award should be barred because decedent was contributorily negligent. Decedent was seven years of age at the time of the incident. In Mitchell v. Board of Education,1 N.C. App. 373, 161 S.E.2d 645 (1968), the Court of Appeals held that a seven-year-old child is presumed to be incapable of contributory negligence. And in Sharpe v. Quality Education, Inc.,59 N.C. App. 304, 296 S.E.2d 661 (1982), the Court held the presumption of the incapacity of a seven-year-old child is on the defendant. Further, as stated in Pope, supra, children have less judgment and capacity to avoid danger than adults, their excursions into a street may reasonably be anticipated, and children are entitled to a care in proportion to their incapacity to foresee and avoid peril. In the present case, the evidence of record does not establish that decedent possessed the capacity to be found contributorily negligent. Pope at 707.
Even though a school bus driver's duty to his passenger may extinguish once the passenger is in the "place of safety," his duty to a child pedestrian, including one that may have been his passenger, does not extinguish. When there are children present whom the driver sees or should see, the driver must act reasonably to control the movement of his vehicle and to keep a careful lookout to avoid injury to the children. The majority erred in failing to find that Mr. Strong breached his duty to use due care in proceeding forward without maintaining a careful lookout of the children, including the decedent, whom he knew to be in the vicinity of his bus. For these reasons, I respectfully dissent.
This 16th day of February 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER